h MURRAY, Judge.
Defendants, Tulane University Medical Center (TUMC) and thirteen physicians,[1] ap *79 peal the trial court’s granting of plaintiffs’ Motion to Prohibit Panel Chairman from Altering the Makeup of the Medical Review Panel. We affirm.

FACTS AND PROCEDURAL HISTORY:

Plaintiffs are the five minor children of Dorothy B. Guter. They filed a complaint alleging that the professional negligence of TUMC and the thirteen physicians caused their mother’s death. All of the defendants are qualified health care providers, and thus a medical review panel was requested.
The plaintiffs selected Dr. Brobson Lutz, a specialist in infectious diseases, as their physician panel member. The defendants selected Dr. Anthony Lama, a nephrologist. The third physician was selected by the attorney chairman because |2the physician selected by Drs. Lutz and Lama had a conflict of interest. The panel was convened with the present panel members on November 29, 1995.
Defendants allege that during the preparation of their submission for the panel, they discovered that the panel’s focus would be on general surgery, not nephrology. That is when they sought to substitute Dr. Philip Boudreaux, a surgeon, as their panel member.
The attorney chairman indicated that he would allow the substitution and plaintiffs filed their motion to prohibit the substitution. The trial court granted plaintiffs’ motion and enjoined the defendants and the attorney chairman from changing the composition of the panel, specifically from replacing defendants’ appointee. This appeal followed.

JURISDICTION:

Defendants assert that this Court has jurisdiction to hear this appeal pursuant to La.Code Civ.Proc. art. 2081 et seq., and attach a copy of a decision on a writ application granted by this Court. The decision is not a published opinion, and we take issue with defendants attaching it to their brief, inferring that we must follow the decision.[2] Rule 2-16.3 of the Uniform Rules — Courts of Appeal prohibits the use of opinions marked “Not Designated for Publication.” While we recognize that the decision cited by defendants is not marked as such, we also recognize that no decision on writ applications is published unless it is converted to opinion form. Thus, it is improper for defendants to cite that decision. Aso see, Uniform Rules — Courts of Appeal Rule 4-8.[3]
This Court has jurisdiction to hear this appeal pursuant to La.Code Civ.Proc. art. 3612, establishing the right to appeal from an order or judgment relating to a final injunction.

COMPOSITION OF MEDICAL REVIEW PANEL:

Defendants claim that the trial judge erred in failing to find that the Medical Malpractice Act, La.R.S. 40:1299.41 et seq., grants them the right to choose a physician for the panel, even if the choice must be changed; in concluding that the Act prohibits a change in a party’s selection; and in concluding that a change in the party’s selection is an abuse of the panel process.
We agree with defendants that they have a right to choose a physician for the medical review panel. However, our review of La.R.S. 40:1299.47(0(3)®® does not reveal any language regarding the changing of a panel member once a party has made its selection. Rather, a literal reading of the Act compels the conclusion that random changing of panel members was not intended. La.R.S. 40.1299.47(C)(2) reads:
The attorney shall act as chairman of the panel and in an advisory capacity but shall have no vote. It is the duty of the chairman to expedite the selection of the other panel members, to convene the panel, and expedite the panel’s review of the proposed complaint. The chairman shall establish a reasonable schedule for submission of evidence to the medical review pan *80 el but must allow sufficient time for the parties to make full and adequate presentation of related facts and authorities within ninety days following selection of the panel.
(emphasis added) The statute directs the chairman to expedite matters, and in fact, the tenor of the Act is to have the business of the panel handled as quickly as possible. The record before us indicates that plaintiffs filed their complaint on October 14, 1994. For reasons unknown to this Court, the original three panel ^members were not selected until September 19, 1995.[4] The record indicates that Dr. Lama was sworn in as a panel member on October 24, 1995. Defendants requested a thirty day extension on January 16, 1996 to make their submission to the panel. On March 5, 1996, they requested replacing Dr. Lama with Dr. Boudreaux.
We agree with the trial court that to allow defendants to change their panel member selection at this point would be disruptive to the panel process, and would fly in the face of the directive of the statute to handle matters in an expeditious manner.
Further, as noted by the trial court, La. R.S. 40:1299.47(C)(3)(f)(iv) directs that a panel member, once selected, “shall serve unless for good cause shown may be excused.” The panel member has the option of seeking to be excused because of an unreasonable burden or hardship, not a party.
Defendants also instruct this Court on the purpose of the Act, that is, avoiding frivolous litigation of medical issues, and lowering the costs of litigation and medical malpractice insurance. They explain that having this claim reviewed by panelists who are unfamiliar with the focus of the issues deprives the defendants of their statutory right to make their selection to the panel. This statement begs the question: How are the rights of the non-surgeon physicians being protected? Defendants originally selected a nephrologist, presumably to “protect the rights” of the nephrologist involved in this ease. Now they seek to substitute the nephrologist with a surgeon. There are thirteen physicians of various specialties | 5involved in this litigation. The statute does not allow each defendant health care provider to choose a panelist from the same class and specialty as his.
Defendants also point out that this requested substitution will not afreet any party’s right to supplement evidence, nor does it interfere with plaintiffs’ choice for the panel. Defendants are ignoring the fact that plaintiffs’ have a paramount right to an expeditious resolution of this matter, and defendants’ actions certainly interfere with that right.
Thus, we do not find that the Medical Malpractice Act allows the parties to substitute a panel member once a member has been selected. For this reason, we affirm the judgment of the trial court.
AFFIRMED.
LOBRANO, J., dissents.

. The defendant physicians are: Dr. Richard O'Donovan, Dr. Edward Etheridge, Dr. Manuel V. Ramos, Dr. Paul Dabrowski, Dr. Harold Szer-lip, Dr. Martin, Dr. Raju Thomas, Dr. Luis Aiber- *79 to Ortiz, Dr. Donald Aker, Dr. Mark Lott, Dr. Kevin Krane, Dr. Charles T. and Dr. Benjamin Seltzer.

. Defendants also cite the decision in a footnote in their Motion and Order for Suspensive Appeal.

. Rule 4-8 states: The Rules of the court pertaining to appeals and not conflicting with Rules specifically pertaining to applications for writs, when applicable and insofar as practicable, shall govern writ applications and the disposition thereof.

. According to the Act, a plaintiff has thirty days to select a panel member from the date of certification of the filing of his complaint, La.R.S. 40:1299.47(C)(3)(a), and a defendant has fifteen days from the date he is notified of the plaintiff's choice to select his panel member, La.R.S. 40:1299.47(C)(3)(b). The two selected panel members then have fifteen days from the date of notification of their selection to the panel to select the third panel member. La.R.S. 40:1299.47(C)(3)(d).